18-41-cr
United States v. Conde-Falon

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of November, two thousand twenty.

PRESENT: RAYMOND J. LOHIER, JR.,
　　　　　　MICHAEL H. PARK,
　　　　　　　　*Circuit Judges*,
　　　　　　JED S. RAKOFF,*
　　　　　　　　*Judge.*

------------------------------------------------------------------

UNITED STATES OF AMERICA,

　　　　*Appellee*,

　　　v.

LUIS CARLOS CONDE-FALON, AKA NENE,　　　　No. 18-41-cr

---

* Judge Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

*Defendant-Appellant.**

----------------------------------------------------------------

FOR DEFENDANT-APPELLANT:    Alexander E. Eisemann, New York, NY.

FOR APPELLEE:    Sarah Lai, Anna M. Skotko, Assistant United States Attorneys, *for* Audrey Strauss, Acting United States Attorney for the Southern District of New York, New York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Richard J. Sullivan, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the December 14, 2017 order of the District Court is AFFIRMED.

Luis Carlos Conde-Falon appeals from a December 14, 2017 order denying his motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). In 2009 Conde-Falon was convicted of two counts of conspiracy to distribute at least five kilograms of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), one count

---

* The Clerk of Court is directed to amend the official caption as set forth above.

of conspiracy to import at least one kilogram of heroin, in violation of 21 U.S.C. §§ 963 and 960(b)(1)(A), and one count of possession with intent to distribute at least one kilogram of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). The District Court calculated a Sentencing Guidelines base offense level of 38 based on the parties' stipulated drug quantity of approximately 97,800 kilograms of marijuana equivalent. The District Court then sentenced Conde-Falon principally to a Guidelines term of imprisonment of 232 months. On appeal, Conde-Falon argues that the District Court erred in denying his motion for a sentence reduction because a 2014 amendment to the Sentencing Guidelines may have resulted in a lower sentencing range. We assume the parties' familiarity with the underlying facts and prior record of proceedings, to which we refer only as necessary to explain our decision to affirm.

In 2014 the United States Sentencing Commission raised from 30,000 kilograms to 90,000 kilograms the minimum quantity of marijuana equivalent required to trigger a base offense level of 38. Conde-Falon stipulated to a a drug quantity of "approximately 300 kilograms of cocaine" for Count One of the New York indictment, "approximately 89 kilograms of cocaine" for Count Three of the

3

Florida indictment, and "approximately 20 kilograms of heroin" for Counts Three and Five of the Florida indictment.  Supp. App'x 2.  Using a conversion table in effect at all pertinent times, the parties performed the requisite calculations and concluded, based upon their stipulated approximate drug amounts, that "the total amount of marijuana under the Drug Equivalency Tables is 97,800 kilograms."  Id. at 2–3.

On appeal, Conde-Falon contends that it would have been futile for him to litigate the quantity at sentencing because the approximate stipulated drug amount was so far above the then applicable minimum quantity of 30,000 kilograms required to trigger an offense level of 38 that only a very significant reduction in quantity would have made a difference.   In response, the Government argues that Conde-Falon's argument is waived

We need not reach this issue, however, because even if not waived, Conde-Falon's argument is meritless.  Conde-Falon has not shown that the applicable Guidelines range would have been lower had the 2014 amended Guidelines been in place at the time he was originally sentenced.  See United States v. Wilson, 716 F.3d 50, 52 (2d Cir. 2013).  In particular, and notwithstanding the mathematical

4

errors contained in his opening brief, he has offered no reason to question the calculations contained in the Presentence Report, which noted seven drug seizures involving approximately 114,800 kilograms of marijuana equivalent, far above the 90,000 kilogram threshold.

We have considered Conde-Falon's remaining arguments and conclude that they are without merit. For the foregoing reasons, the order of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court